J-S59004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICKEY SANTOS COLON, | |
| Appellant | No. 1128 EDA 2017 |

Appeal from the PCRA Order Entered March 15, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001921-2010

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 24, 2017**

Appellant, Mickey Santos Colon, appeals *pro se* from the post-conviction court's March 15, 2017 order denying, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we are compelled to affirm.

We need not provide a detailed recitation of the facts of Appellant's underlying convictions for purposes of this appeal.  We only briefly note that,

> Herman McMullen, a confidential informant with a known drug history, facilitated the controlled purchase of cocaine from [Appellant] on two occasions.  A jury convicted [Appellant] of two counts of possession with intent to deliver a controlled substance and two counts of criminal use of a communication facility.  The trial court sentenced [Appellant] to an aggregate term of 12 to 24 years' incarceration.  On appeal, this Court affirmed [Appellant's] judgment of sentence, and the

---

[*] Former Justice specially assigned to the Superior Court.

> Pennsylvania Supreme Court denied allocatur. ***See Commonwealth v. Colon***, [63 A.3d 817 (Pa. Super. 2012)], *appeal denied*, 67 A.3d 793 (Pa. 2013). [Appellant] filed a timely PCRA petition. The PCRA court conducted an evidentiary hearing and later dismissed Colon's petition.

***Commonwealth v. Colon***, No. 543 EDA 2015, unpublished memorandum at 1-2 (Pa. Super. filed Sept. 11, 2015) (footnotes omitted). Appellant filed a timely appeal from the order denying his first PCRA petition, and this Court affirmed. ***Id.*** Our Supreme Court thereafter denied Appellant's petition for allowance of appeal. ***Commonwealth v. Colon***, 158 A.3d 66 (Pa. 2016).

On October 25, 2016, Appellant filed his second *pro se* PCRA petition, which underlies the present appeal. Therein, he argued that a mandatory minimum sentence imposed in his case pursuant to 18 Pa.C.S. § 7508(a)(3)(ii) (requiring a mandatory five-year minimum sentence when the amount of cocaine involved is at least 10 grams but less than 100 grams and, at the time of sentencing, the defendant has been convicted of another drug-trafficking offense), is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt). Appellant also asserted that the attorney who represented him in the litigation of his first, timely-filed PCRA petition was ineffective for not raising a challenge to the legality of his sentence under ***Alleyne***.

On February 8, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant filed a *pro se*

response, but on March 13, 2017, the PCRA court issued an order dismissing his petition. Appellant filed a timely, *pro se* notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one issue for our review: "Whether PCRA counsel was ineffective in failing to raise the issue that Appellant's sentence constitutes an illegal mandatory [sentence] under **Alleyne**…[?]" Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on August 27, 2013, at the conclusion of the ninety-day time period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, his current petition in October of 2016 is facially untimely and, for this Court to have jurisdiction to review the merits thereof,

Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant contends that he has met "the timeliness exceptions outlined in § 9545" because his first PCRA counsel acted ineffectively by not arguing that *Alleyne* renders Appellant's mandatory minimum sentence illegal. Appellant's Brief at 6. Appellant stresses that the rule in *Alleyne* "was applicable to Appellant[,] whose direct appeal was pending until August 27, 2013[,]" which was *after Alleyne* was decided on June 17, 2013. *Id.* Appellant maintains that his PCRA counsel acted ineffectively by not asserting that *Alleyne* applies to Appellant's case because his judgment of sentence was not final when *Alleyne* was decided.

We are constrained to conclude that Appellant's argument cannot overcome the one-year timeliness requirement of the PCRA. We recognize that this Court has granted post-conviction relief to a petitioner who, like Appellant, claimed that his sentence was illegal under *Alleyne*, *and* whose judgment of sentence was *not* final before *Alleyne* was decided. *See Commonwealth v. Ruiz*, 131 A.3d 54, 59 (Pa. Super. 2015). In *Ruiz*, the petitioner filed a *timely* PCRA petition, and our Court accepted his argument that *Alleyne* applied to his case because his judgment of sentence was not yet final when *Alleyne* was decided. *Id.* at 59-60.

However, in the present case, Appellant's initial PCRA counsel did not present such an argument in Appellant's timely-filed PCRA petition. Unfortunately for Appellant, he cannot challenge PCRA counsel's arguable

ineffectiveness in this regard in his ***untimely-filed*** PCRA petition, as "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

Additionally, Appellant cannot obtain relief based on his claim that his sentence is illegal under ***Alleyne***. While claims challenging the legality of sentence are subject to review within the PCRA, the petitioner must first satisfy the PCRA's time limits. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Appellant cannot rely on ***Alleyne*** to meet the timeliness exception of section 9545(b)(1)(iii), as ***Alleyne*** does not apply retroactively to collateral review. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

Therefore, we are constrained to conclude that Appellant has failed to meet any timeliness exception and, thus, the PCRA court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017

- 6 -